UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Blessed Cajuns LLC, Janice Smith, Jason Smith, PSBH LLC, and Eric Nyman**, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Isabella Casillas Guzman**, in her official capacity as administrator of the Small Business Administration; **United States Small Business Administration**,<br><br>Defendants. | Case No. 4:21-cv-00677 |

### PLAINTIFFS' CLASS-ACTION COMPLAINT

The Supreme Court of the United States said 125 years ago that:

> [T]he constitution of the United States, in its present form, forbids, so far as civil and political rights are concerned, discrimination by the general government, or by the states, against any citizen because of his race. All citizens are equal before the law. The guaranties of life, liberty, and property are for all persons, within the jurisdiction of the United States, or of any state, without discrimination against any because of their race. Those guaranties, when their violation is properly presented in the regular course of proceedings, must be enforced in the courts, both of the nation and of the state, without reference to considerations based upon race.

*Gibson v. State of Mississippi*, 162 U.S. 565, 591 (1896); *see also Bolling v. Sharpe*, 347 U.S. 497 (1954) (citing *Gibson* and holding that segregation in the District of Columbia public schools violated the Due Process Clause of the Fifth Amendment).

Equal rights under law is the cornerstone of American constitutional jurisprudence: the principle that all citizens, regardless of status, wealth, race, color, religion,

or creed, have the same rights and are entitled to the same standard of justice. These are the principles etched into our founding documents, fought for on our nation's battlefields, written into the Gettysburg Address, and delivered from the steps of the Lincoln Memorial by Martin Luther King.

As a nation, we are devoted to the task of satisfying these sacred ideals and providing equal rights to citizens of all races, as the Constitution requires. Profound progress has been made, and extraordinary milestones reached, throughout our history, serving as an inspiration to humanity and the nations of the world. Yet, today, the Small Business Administration lurches America dangerously backward, reversing the clock on American progress, and violating our most sacred and revered principles by actively and invidiously discriminating against American citizens solely based upon their race and sex. This is illegal, it is unconstitutional, it is wrong, and it must stop.

Section 5003 of the American Rescue Plan Act appropriates $28.6 billion to create the Restaurant Revitalization Fund, which is administered by the Small Business Administration. This fund provides relief for restaurants harmed by the COVID-19 pandemic, but it requires the Small Business Administration to discriminate among restaurants according to the race and sex of the owner. The statute provides that during the first 21 days of this program, which started on May 3, 2021, the administrator of the SBA must "prioritize awarding grants" to businesses owned by women and racial minorities. *See* American Rescue Plan Act § 5003(c)(3)(A) (attached as Exhibit 1).

These race and sex preferences are patently unconstitutional, and the Court should promptly enjoin their enforcement. Doing so will promote equal rights under the law for all American citizens and promote efforts to stop racial discrimination, because "[t]he way to stop discrimination on the basis of race is to stop discriminating on the basis of race." *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 748 (2007) (Roberts, C.J., concurring).

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Blessed Cajuns LLC is a limited liability company incorporated under the laws of Texas, operating under the name "The Lost Cajun Keller." It operates in Keller, Texas.

4. Plaintiff Jason Smith is co-owner of Blessed Cajuns LLC. He resides in Fort Worth, Texas.

5. Plaintiff Janice Smith is co-owner of Blessed Cajuns LLC. She resides in Fort Worth, Texas.

6. Plaintiff PSBH LLC is a limited liability company incorporated under the laws of Pennsylvania, operating under the name "Penn Hotel Sports & Raw Bar." It operates in Camp Hill, Pennsylvania.

7. Plaintiff Eric Nyman owns PSBH LLC.

8. Defendant Isabella Casillas Guzman is administrator of the Small Business Administration. Administrator Guzman is sued in her official capacity.

9. Defendant United States Small Business Administration is an agency of the United States government.

## STATEMENT OF FACTS

10. Section 5003 of the American Rescue Plan Act of 2021, H.R. 1319, 117th Cong. (2021), provides aid to restaurants that have been harmed by the COVID-19 pandemic. It appropriates $28.6 billion to create the Restaurant Revitalization Fund, which will be administered by the Small Business Administration.

11. Section 5003 provides that during the first 21 days of this program, which started on May 3, 2021, the administrator of the SBA must "prioritize awarding grants" to businesses owned by women and racial minorities. *See* American Rescue Plan Act § 5003(c)(3)(A) (attached as Exhibit 1).

12. Plaintiffs Jason and Janice Smith own the Lost Cajun Keller. They submitted an application for relief under the Restaurant Revitalization Fund on May 5, 2021. Their application indicated that they were eligible for up to $187,753.17 worth of relief.

13. Plaintiff Eric Nyman owns the Penn Hotel Sports & Raw Bar. He submitted an application for relief under the Restaurant Revitalization Fund on May 3, 2021. His application indicated that he was eligible for up to $640,424.65 worth of relief.

14. None of the plaintiffs qualify as a "socially disadvantaged individual" or "economically disadvantaged individual" under the SBA's regulations. *See* 13 C.F.R. §§ 124.103, .104. They are therefore being subjected to unconstitutional race and sex discrimination by the "priorities" that the statute commands for minority- and women-owned businesses.

15. On May 18, 2021, the Small Business Administration issued a press release announcing that it has already received 303,000 applications for relief, representing over $69 billion in requested funds. *See* Exhibit 2. And so far, "nearly 38,000 applicants have been approved for more than $6 billion." *Id*. "Of the overall submitted applications, 57 percent came from women, veterans, and socially and economically disadvantaged business owners." *Id*.

16. This raises the possibility that the entire $28.6 billion that Congress allocated to the Restaurant Revitalization Fund will be depleted before the plaintiffs can even be considered for relief under the program.

17. The plaintiffs sue on behalf of all restaurant owners and restaurants in the United States who are encountering or who will encounter race or sex discrimination from the Small Business Administration on account of section 5003.

## CLAIM FOR RELIEF

18. The Constitution prohibits the federal government from discriminating on account of race or ethnicity. *See Bolling v. Sharpe*, 347 U.S. 497 (1954). The Constitution likewise prohibits the federal government from engaging in sex discrimination absent an "exceedingly persuasive justification." *See United States v. Virginia*, 518 U.S. 515, 531 (1996).

19. Title VI of the Civil Rights Act of 1964 prohibits discrimination on the grounds of race, color, or national origin in any program that receives federal funds. *See* 42 U.S.C. § 2000d.

20. The Small Business Administration is violating the Constitution and Title VI by discriminating on account of race and sex in administering the Restaurant Revitalization Fund.

21. The Court should declare these race and sex preferences unconstitutional and permanently enjoin the administrator of the SBA from implementing any such race or sex exclusions in any of the SBA's programs.

22. The Court should also issue a preliminary injunction to prevent the disbursement of funds that were prioritized on race or sex-based grounds during the 21-day window described in section 5003.

## CLASS-ACTION ALLEGATIONS

23. The plaintiffs bring this class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

24. The plaintiffs seek to represent a class of all restaurant owners and restaurants in the United States who are encountering or who will encounter race or sex discrimination from the Small Business Administration on account of section 5003.

25. The number of individuals in this class makes joinder of the individual class members impractical.

26. There are questions of law common to the class, including whether the Constitution or Title VI allows the SBA to discriminate on account of race and sex when administering the Restaurant Revitalization Fund.

27. The plaintiffs' claims are typical of other members of the class. Each of them seeks to stop the SBA from discriminating on account of race and sex when administering the Restaurant Revitalization Fund.

28. The plaintiffs adequately represent the interests of the class, and they have no interests antagonistic to the class.

29. A class action is appropriate under Rule 23(b)(2) because the defendants are acting on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the classes as a whole.

## DEMAND FOR RELIEF

30. The plaintiffs respectfully requests that the court:

    a. certify a class of all restaurant owners and restaurants in the United States that are encountering or that will encounter race or sex discrimination from the Small Business Administration on account of section 5003;

    b. award the declaratory relief described in paragraph 21;

    c.    enter a temporary restraining order, preliminary injunction, and permanent injunction that prevent Administrator Guzman and her successors from implementing any race or sex preferences in SBA programs;

    d.    award costs and attorneys' fees under 42 U.S.C. § 1988;

    e.    award all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

/s/ Jonathan F. Mitchell

| | |
|---|---|
| GENE P. HAMILTON<br>Virginia Bar No. 80434<br>Vice-President and General Counsel<br>America First Legal Foundation<br>300 Independence Avenue SE<br>Washington, DC 20003<br>(202) 964-3721<br>gene.hamilton@aflegal.org | JONATHAN F. MITCHELL<br>Texas Bar No. 24075463<br>Mitchell Law PLLC<br>111 Congress Avenue, Suite 400<br>Austin, Texas 78701<br>(512) 686-3940 (phone)<br>(512) 686-3941 (fax)<br>jonathan@mitchell.law |
| CHARLES W. FILLMORE<br>H. DUSTIN FILLMORE<br>The Fillmore Law Firm, L.L.P.<br>201 Main Street, Suite 801<br>Fort Worth, Texas 76102<br>(817) 332-2351 (phone)<br>(817) 870-1859 (fax)<br>chad@fillmorefirm.com<br>dusty@fillmorefirm.com | ROBERT HENNEKE<br>Texas Bar No. 24046058<br>Texas Public Policy Foundation<br>901 Congress Avenue<br>Austin, Texas 78735<br>(512) 472-2700 (phone)<br>rhenneke@texaspolicy.com<br><br>*Counsel for Plaintiffs and the Proposed Class* |
| Dated: May 23, 2021 | |