UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**Blessed Cajuns, LLC**, et al.,

    Plaintiffs,

v.

**Isabella Casillas Guzman**, et al.,

    Defendants.

Case No. 4:21-cv-00677-O

**BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Gene P. Hamilton
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

Charles W. Fillmore
H. Dustin Fillmore
The Fillmore Law Firm, L.L.P.
201 Main Street, Suite 801
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
chad@fillmorefirm.com
dusty@fillmorefirm.com

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Robert Henneke
Texas Bar No. 24046058
Texas Public Policy Foundation
901 Congress Avenue
Austin, Texas 78735
(512) 472-2700 (phone)
rhenneke@texaspolicy.com

## TABLE OF CONTENTS

Table of contents ..................................................................................................................i

Table of authorities ............................................................................................................ii

    I.  The Court should certify the proposed class under Rule 23(b)(2).......................... 1

        A.  The proposed class is so numerous that joinder of all members is impractical ........ 1

        B.  There are questions of law or fact common to the members of the class ............2

        C.  The plaintiffs' claims are typical of the claims of the class...................................3

        D.  The plaintiffs' will fairly and adequately protect the interests of the class............4

        E.  The proposed class satisfies Rule 23(b)(2).......................................................4

    II.  Class discovery is not needed ................................................................................5

Conclusion ........................................................................................................................6

Certificate of conference ...................................................................................................7

Certificate of service .........................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*,
 521 U.S. 591 (1997) ..................................................................................................4

*In re Deepwater Horizon*,
 739 F.3d 790, 812 (5th Cir. 2014) ............................................................................3

*In re Nat'l Football League Players Concussion Injury Litig.*,
 821 F.3d 410, 426 (3d Cir. 2016) .............................................................................1

*James v. City of Dallas*,
 254 F.3d 551, 571 (5th Cir. 2001) ............................................................................3

*M.D. v. Perry*,
 675 F.3d 832 (5th Cir. 2012) ................................................................................3, 5

*Wal-Mart Stores, Inc. v. Dukes*,
 564 U.S. 338 (2011) ........................................................................................2, 3, 5

**Statutes**

42 U.S.C. § 1988(b) ..........................................................................................................5

**Rules**

Fed. R. Civ. P. 23(b)(2) .................................................................................................4, 5

Local Rule 23.2(b)(1) ........................................................................................................2

Local Rule 23.2(b)(3) ........................................................................................................1

Local Rule 23.2(c) .............................................................................................................4

Local Rule 23.2(d) .............................................................................................................6

Local Rule 23.2(e) .............................................................................................................6

Local Rule 23.2(f) ..............................................................................................................5

Local Rule 23.2(g) .............................................................................................................5

The plaintiffs respectfully move to certify a class under Rule 23(b)(2). The named plaintiffs represent the proposed class in this action, and it consists of "all restaurant owners and restaurants in the United States who are encountering or who will encounter race or sex discrimination from the Small Business Administration on account of section 5003 of the American Rescue Plan Act."

The common characteristics of these class members is that they are all restaurant owners or restaurants who suffered losses in revenue due to the COVID-19 pandemic and who qualify for relief under the terms of the Restaurant Revitalization Program. *See* Local Rule 23.2(b)(3). The distinguishing characteristics are that the restaurants they own—or the restaurants themselves—are not majority owned by racial or ethnic minorities or women, and because of this their applications for relief under the Restaurant Revitalization Program will not be prioritized by the Small Business Administration. *See id.*

## I. THE COURT SHOULD CERTIFY THE PROPOSED CLASS UNDER RULE 23(b)(2)

A party that moves for class certification must satisfy each requirement of Rule 23(a) and at least one subdivision in Rule 23(b). The proposed class meets each of these requirements.

### A. The Proposed Class Is So Numerous That Joinder of All Members Is Impractical

The number of restaurant owners who have been or are being discriminated against because of their race, ethnicity, or sex easily exceeds the numerosity threshold. *See In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 426 (3d Cir. 2016) ("[N]umerosity is generally satisfied if there are more than 40 class members.").

The defendants' own public statements in a press release demonstrate the numerosity of the proposed class. On May 18, 2021, the Small Business Administration

announced that it has already received 303,000 applications for relief, representing over $69 billion in requested funds. *See* Exhibit 1; *see also* https://tinyurl.com/hm3jsf72 (last visited on May 23, 2021) ("Of the overall submitted applications, 57 percent came from women, veterans, and socially and economically disadvantaged business owners."). Simple math shows that the remaining 43 percent of non-prioritized applications represent approximately *130,290 applicants*—a number that easily clears the numerosity threshold for class certification.

The local rules of this Court require us to provide the "approximate number of class members." Local Rule 23.2(b)(1). It is difficult, however, to calculate the precise number of restaurant owners who have been discriminated against—particularly when one includes those who never applied because their applications would not have been prioritized. Based on these data, one can confidently estimate that the proposed class members number at least 100,000, but it is difficult to produce a more precise calculation.

### B. There Are Questions Of Law Or Fact Common To The Members Of The Class

The Plaintiffs seek to litigate a question of law common to all class members: Is the Small Business Administration violating the Constitution and Title VI of the Civil Rights Act of 1964 by discriminating on account of race and sex in administering the Restaurant Revitalization Fund? *See* Complaint (ECF No. 1) at ¶¶ 19–20, 26.

This question affects all class members because each of them is subject to discrimination, as none of their applications will be "prioritized" for access to funds under the Restaurant Revitalization Fund, and will likely be denied funding entirely based on the limited pool of money appropriated by Congress.

Each class member will "suffer the same injury," and that is all that needed to satisfy Rule 23(a)(2)'s commonality requirement. *Wal-Mart Stores, Inc.* v. *Dukes*, 564 U.S. 338, 348 (2011) (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S.

395, 403 (1977)); *see also Wal-Mart*, 564 U.S. at 360 ("[E]ven a single [common] question will do." (citation and internal quotation marks omitted)); *In re Deepwater Horizon*, 739 F.3d 790, 812 (5th Cir. 2014) (same). And a ruling on these issues "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350; *see also M.D. v. Perry*, 675 F.3d 832, 840 (5th Cir. 2012).

### C. The Plaintiffs' Claims Are Typical of The Claims of The Class

The plaintiffs' claims are more than typical: they are precisely the same as the claims belonging all members of the proposed class. The United States Congress and the Biden Administration have implemented a program that actively discriminates against restaurant owners based on their race, ethnicity, and sex. *See* Exhibit 2; *see also* http://tiny.cc/skyxtz (last visited on May 23, 2021). The interests of the plaintiffs are aligned with those of the class, as each class member benefits from a ruling that prevents the Small Business Administration from discriminating against them based on these criteria. *See James v. City of Dallas,* 254 F.3d 551, 571 (5th Cir. 2001) ("[T]he test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." (citations and quotation marks omitted)); *id.* ("[T]he critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." (citations and quotation marks omitted)); *see also Wal-Mart*, 564 U.S. at 350 n.5 ("[T]he commonality and typicality requirements of Rule 23(a) tend to merge." (quoting *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 157–58 n.13 (1982)).

### D. The Plaintiffs Will Fairly and Adequately Protect the Interests of The Class

The plaintiffs will fairly and adequately represent the interests of their fellow class members, and there are no conflicts of interest between the plaintiffs and the other members of this class.

The class members consist of all restaurant owners and restaurants in the United States who are encountering or who will encounter race or sex discrimination from the Small Business Administration on account of section 5003 of the American Rescue Plan Act. There is no conceivable conflict of interest that could arise from the plaintiffs' efforts to prevent the defendants from discriminating against them on a classwide basis. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) ("The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent."). A classwide injunction will serve only to protect the constitutional rights or each of the class members, as well as the rights guaranteed under the Civil Rights Act of 1964.

The plaintiffs are appropriate class representatives because they have a vested interest in ensuring the success of this litigation, and preventing the defendants from discriminating against anyone because of their race, ethnicity, or sex. The plaintiffs' attorneys are self-financing this litigation, and the legal issues are straightforward and the case will not be expensive to litigate. *See* Local Rule 23.2(c).

### E. The Proposed Class Satisfies Rule 23(b)(2)

The final criterion for class certification under Rule 23(b)(2) is that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Supreme Court has held that this requirement is satisfied "when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360;

*see also id.* at 361–62 ("[T]he relief sought must perforce affect the entire class at once . . . ."). That is precisely what the plaintiffs request: a single injunction that stops the defendants from discriminating against any of the class members on the basis of their race, ethnicity, or sex. No one is seeking individualized relief for any class member or for any subset of the class. *Compare with M.D.*, 675 F.3d at 845 (disapproving class certification under Rule 23(b)(2) when individualized relief was sought). The plaintiffs request a simple, classwide injunction that halts the prioritization of applications and the disbursement of funds because of the applicant's race, ethnicity, or gender.

In addition, the defendant agencies are "act[ing] . . . on grounds that apply generally to the class." Fed. R. Civ. P. 23(b)(2). The Restaurant Revitalization Fund has the same prioritization scheme applicable to all applicants. *See* Exhibit 2; *see also* http://tiny.cc/skyxtz (last visited on May 23, 2021). Because this prioritization scheme discriminates against all class members, it makes "final injunctive relief or corresponding declaratory relief . . . appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also Wal–Mart*, 564 U.S. at 360 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.").

## II.  Class Discovery Is Not Needed

The representative plaintiffs believe that class discovery is unnecessary given that the classes unquestionably satisfy the numerosity requirement of Rule 23(a)(1). *See* Local Rule 23.2(f). The plaintiffs' attorneys' fees will be paid on a contingency basis if the action is successful. *See* 42 U.S.C. § 1988(b); Local Rule 23.2(g). The remaining information required by Local Rule 23.2 is inapplicable because certification is sought solely under Rule 23(b)(2) and the representatives are not seeking damages or monetary relief, so notice need not be given to absent class members. *See* Local Rule

23.2(e). In addition, this is not a diversity action, so there is no need to determine a jurisdictional amount. *See* Local Rule 23.2(d).

## CONCLUSION

The motion for class certification should be granted.

Respectfully submitted.

Gene P. Hamilton
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

Charles W. Fillmore
H. Dustin Fillmore
The Fillmore Law Firm, L.L.P.
201 Main Street, Suite 801
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
chad@fillmorefirm.com
dusty@fillmorefirm.com


Dated: May 23, 2021

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Robert Henneke
Texas Bar No. 24046058
Texas Public Policy Foundation
901 Congress Avenue
Austin, Texas 78735
(512) 472-2700 (phone)
rhenneke@texaspolicy.com


*Counsel for Plaintiffs and
the Proposed Class*

## CERTIFICATE OF CONFERENCE

I certify that I e-mailed Christopher D. Dodge, counsel for the defendants, at 8:57 P.M. pacific time on May 23, 2021, to ask his position on the motion, but I had not yet heard back from him at the time we filed.

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Plaintiffs and
the Proposed Class*

# CERTIFICATE OF SERVICE

I certify that on May 23, 2021, I served this document through CM/ECF upon:

Christopher D. Dodge
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 598-5571
christopher.d.dodge@usdoj.gov

*Counsel for Defendants*

                                             /s/ Jonathan F. Mitchell
                                            Jonathan F. Mitchell
                                            *Counsel for Plaintiffs and*
                                            *the Proposed Class*