IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| BLESSED CAJUNS LLC, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>ISABELLA CASILLAS GUZMAN, *et al.*,<br><br>    Defendants. | Civil Action No. 4:21-cv-00677-O |

## DEFENDANTS' RESPONSE TO MAY 29, 2021 ORDER (ECF NO. 19)

    Respectfully submitted,

    BRIAN M. BOYNTON
    Acting Assistant Attorney General

    LESLEY FARBY
    Assistant Branch Director

    */s/ Christopher D. Dodge*
    Christopher D. Dodge (MA No. 696172)
    Trial Attorney
    United States Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street N.W.
    Washington, DC 20005
    Tel: (202) 598-5571
    Email: christopher.d.dodge@usdoj.gov

    Attorneys for Defendants

## INTRODUCTION

The Court has directed Defendants to respond to Plaintiffs' suggestion that the Court appoint a monitor to oversee the Small Business Administration's (SBA) compliance with its Court-ordered obligations in this case.  As set forth more fully below, Defendants respectfully submit that appointing a monitor is neither necessary nor appropriate.  Appointing a monitor in a case of this type would be highly unusual, and there is no need to do so here.  SBA has complied with the Court's order, approved Plaintiffs' claims, and disbursed funds to the Plaintiffs.  Indeed, because Plaintiffs' claims have been redressed, their claims are moot.

A court's exercise of its equitable power to craft a remedy must "be tailored to redress the plaintiff's particular injury."  *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018); *see also Jennings v. Stephens*, 574 U.S. 271, 288 (2015) (Thomas, J., dissenting) (noting "the Court has frequently recognized that an equitable 'remedy must ... be limited to the inadequacy that produced' the asserted injury" (citing *Lewis v. Casey,* 518 U.S. 343, 357 (1996))).  Here, Plaintiffs' claimed injuries have been redressed though SBA's compliance with the Court's May 25, 2021 injunction and RRF program changes predating that injunction.  Further, SBA disbursed grants to both Plaintiffs in this action on June 1, 2021 and accordingly there is no dispute that Defendants are presently in compliance with the Court's injunction.  Appointment of a monitor would therefore do nothing to protect Plaintiffs' interests while threatening to further delay and disrupt the orderly disbursement of critical funds to American restaurants in a sex- and race-neutral manner.

## DISCUSSION

The attached declaration of John A. Miller, SBA Deputy Associate Administrator for Capital Access, and his prior two declarations, explain why further relief is unnecessary in this case.  *See generally* June 1, 2021 Declaration of John A. Miller ("Third Miller Decl.").  As explained, the Restaurant Revitalization Fund's ("RRF") priority period ran from May 3 to May 24, 2021.  *See* First Miller Decl. ¶ 16; Second Miller Decl. ¶ 4.  During this period, SBA prioritized initiating processing of RRF applications from veteran-owned and women-owned restaurants, as well as restaurants owned by socially and economically disadvantaged individuals.  *See* First Miller Decl. ¶ 15.  After the expiration

of the priority period, SBA made changes in order to comply with § 5003's instruction that the agency prioritize "awarding grants to eligible entities" only during the "initial 21-day period." ARPA § 5003(c)(3)(A). Specifically, SBA made the following changes to begin processing non-priority applications:

- On May 25, 2021, SBA began initiating the processing of all non-priority applications, based on when their applications were filed, from applicants with 2019 gross revenues under $500,000, *see* Third Miller Decl. ¶ 6; First Miller Decl. ¶ 22;

- On May 27, 2021, SBA began initiating the processing of all non-priority applications, based on when their applications were filed, from applicants with 2019 gross revenues greater than $500,000, *see* Third Miller Decl. ¶ 7; First Miller Decl. ¶ 23;

Further, SBA stopped processing priority applications. *See* Third Miller Decl. ¶ 8  The final priority applications approved and funded by SBA were booked into SBA's E-Tran system, for disbursement of funds by Treasury on the afternoon of May 27, 2021 at approximately 3:27pm ET, prior to the entry of this Court's injunction. *See* Third Miller Decl. ¶ 9. This group of approximately 2,002 priority applications had previously been approved by SBA prior to the time it stopped processing priority applications, but were returned due to technical errors with the payments. *See id.* The funds for these applicants were disbursed by Treasury on the morning of May 28, 2021, prior to this Court's injunction. *See id.* Since that time SBA has not processed, considered, funded, or paid any priority applications. *See* Third Miller Decl. ¶¶ 8, 16. SBA will only resume processing such applications after completing processing and consideration of any earlier-filed non-priority applications. *See id.*

As a result of these changes, Plaintiff Blessed Cajuns LLC's application, which was filed on May 5, 2021, was processed and considered during the week of May 23, 2021 and approved for an award at 1:32pm ET on Friday, May 29, 2021. *See* Third Miller Decl. ¶¶ 10.[1] Its anticipated payment date at the time of approval was June 2, 2021. *See id..* Similarly, SBA began processing Plaintiff PSBH LLC's application (filed on May 3, 2021) on Thursday, May 27, 2021, the day before the Court issued

---

[1] Jake's Bar and Grill, which applied for funds on May 3, 2021 and is the appellant in *Vitolo v. Guzman*, Case No. 21-5517 (6th Cir.), had its application processed, considered, and approved on May 25, 2021, prior to the Sixth Court's injunction. *See* Third Miller Decl. ¶ 14. Its grant likewise was disbursed today, June 1, 2021. *See id.* ¶¶ 23-24.

its injunction. Because PSBH LLC's application was for greater than $360,000, *see* Compl. ¶ 13, SBA's processing guidelines required it to undergo more extensive review, *see* Third Miller Decl. ¶¶ 11-13. Processing these larger claims requires Form 4506-T verification of the applicant's tax returns from the IRS, which potentially takes as long as 8 business days. *See id..*[2] Prior to the Court's injunction, SBA had already begun processing PSBH LLC's application along with other claims greater than $360,000 submitted on May 3, though SBA had no firm estimate of when PSBH LLC's application would be approved due to the required IRS review. *See id.* ¶ 13.

The Court issued its injunction at 11:10am CT on May 28, 2021. *See* ECF No. 18. The Court's order required SBA (1) "to process and consider" Plaintiffs' applications for RRF grants "as if the SBA had initiated processing of those applications at the time the applications were filed" and (2) refrain "from processing and considering any RRF application filed later in time than" Plaintiffs' applications "until [Plaintiffs'] applications have been processed and considered in accordance with a race-neutral, sex-neutral 'first come, first served' basis." *Id.* at 11. SBA was already in compliance with the first part of the Court's order when the injunction issued because it had initiated the processing of Plaintiffs' applications (and all other applications) sequentially based on when they were filed, without regard to applicants' race or sex. *See* Third Miller Decl. ¶ 16; *see also* Second Miller Decl. ¶¶ 4-7; First Miller Decl. ¶¶ 21-23. SBA was also already substantially in compliance with the second part of the Court's order because it had paused processing priority applications and was initiating processing of non-priority applications, including Plaintiffs' applications, in sequential order. *See* Third Miller Decl. ¶ 17; *see also* Second Miller Decl. ¶¶ 4-7.

The Court's order required that SBA not "process[] or consider[]" later-filed applications, including non-priority applications, until Plaintiffs' applications were "processed and considered." *See* ECF No. 18 at 11. Because claims for less than $360,000 are processed more quickly than larger claims, some non-priority claims for less than $360,000 potentially filed after PSBH LLC's application

---

[2] SBA implemented this additional review step for larger claims to manage program risk and to protect against waste, fraud, and abuse. *See* Third Miller Decl. ¶ 12.

were already in the final steps of the approval pipeline and were approved (but not paid) on May 29 while SBA was simultaneously processing and considering PSBH LLC's application. *See* Third Miller Decl. ¶¶ 20-21. Specifically, at 1:32pm ET on May 29, SBA approved 17,231 non-priority applications for grants of less than $360,000, some of which also may have been filed later than PSBH LLC. *See id.* There was no disbursement of funds for those non-priority claims, and all disbursements were paused until Plaintiffs' claims were disbursed. *See id.* ¶¶ 20-21.[3]

Since that time, SBA has disbursed funds to both Plaintiffs. *See* Third Miller Decl. ¶¶ 23-24. Accordingly, both Plaintiffs' applications have been "processed and considered" by SBA as of today, June 1, 2021.[4] *See* Third Miller Decl. ¶ 26. Funds have been disbursed to the accounts provided by Plaintiffs and should appear in their accounts within approximately 48 to 72 hours depending on the ACH transfer and their banks' policies. *See* Third Miller Decl. ¶ 25.

In sum, both Plaintiffs' applications have been "processed and considered" by SBA; their RRF grants have been disbursed to their banks, which should deposit the funds in Plaintiffs' bank accounts in the coming days under the ordinary ACH transfer process. *See* Third Miller Decl. ¶¶ 25-27. Defendants are therefore in full compliance with the Court's May 28, 2021 injunction. *See* ECF No. 18. Further, SBA has paused processing of priority applications until its processing of non-priority applications reaches the point where such priority applicants can be considered in sequential order (unless the RRF is first exhausted). *See* Third Miller Decl. ¶¶ 8, 16. In the meantime, SBA is continuing to process non-priority applications based on the time of application. *See* Third Miller Decl. ¶¶ 6-8, 16.

---

[3] After undersigned counsel learned of these approvals on May 31, counsel confirmed that there was no disbursement of those other non-priority claims (i.e., no money went out) and there would be no disbursement until Plaintiffs' claims were disbursed. Now that Plaintiffs' claims have been disbursed, SBA plans to recommence the disbursement of other non-priority claims starting tomorrow, June 2.

[4] Jake's Bar and Grill, the appellant in *Vitolo* who applied on May 3, had its application awarded on May 25 at 9:34am ET, prior to either injunction. However, its application failed a final deposit review because the applicant's name on the application did not match the name on the bank account. *See* Third Miller Decl. ¶ 14. SBA nonetheless paid out this applicant's claim on June 1, 2021. *See* Third Miller Decl. ¶¶ 23-24.

Appointing a monitor to supervise the RRF program is therefore unwarranted and would do nothing to protect the interests of either Plaintiffs or the putative class they purport to represent. Plaintiffs have made no allegation that Defendants are not in compliance with the Court's injunction and have otherwise provided no reason or authority for such a drastic remedy. Moreover, in view of the changes described above, *any* further relief to Plaintiffs or putative class members is unwarranted because their claims are now moot—SBA is now exclusively processing non-priority applications based on the order in which they were received and will continue to do so until either priority applicants become sequentially eligible for processing again, or until the RRF is exhausted.[5] *See* Third Miller Decl. ¶¶ 8, 16. Appointing a monitor therefore, by definition, would extend relief beyond redressing the Plaintiffs' or class members' alleged injury. *See Gill*, 138 S. Ct. at 1934; *Jennings*, 574 U.S. at 288; *Lewis*, 518 U.S. at 357. Further still, practical considerations weigh against such an appointment, as the logistical process for selecting, onboarding, and installing such a monitor at SBA would only serve to further delay and disrupt administration of the remaining RRF funds to predominantly, if not exclusively, non-priority applicants. In view of the changes undertaken by SBA both before and after the Court's injunction, such delay and disruption cannot be justified given that Plaintiffs have received all relief that they sought. Defendants therefore respectfully oppose appointment of a monitor.

---

[5] Defendants therefore respectfully renew their request that the Court dismiss Plaintiffs' claims as moot. *See* ECF No. 11 at 11.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

*/s/ Christopher D. Dodge*
Christopher D. Dodge (MA No. 696172)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
Tel: (202) 598-5571
Email: christopher.d.dodge@usdoj.gov

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

On June 1, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Christopher D. Dodge*
Christopher D. Dodge
Trial Attorney
United States Department of Justice