UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BLESSED CAJUNS LLC, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:21-00677-O |
| | ) |
| ISABELLA CASILLAS GUZMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**SUPPLEMENTAL DECLARATION OF JOHN A. MILLER**

I, JOHN A. MILLER, hereby declare as follows:

1. I have worked at the United States Small Business Administration ("SBA") for over twenty years. I currently hold the position of Deputy Associate Administrator for Capital Access. The Office of Capital Access is responsible for the operation development of policy for the SBA's business loan programs authorized under the Small Business Act and the Restaurant Revitalization Fund ("RRF") program authorized under the American Rescue Plan Act ("ARPA"), among others. I am the highest-ranking career official in the Office of Capital Access and am knowledgeable about the RRF program. I have previously submitted two declarations in this matter. *See* ECF Nos. 11 ("First Miller Decl."), 14 ("Second Miller Decl.").

2. My third declaration is intended to provide the Court with information on: (1) the changes to the RRF after expiration of the priority period on May 24, 2021; (2) further changes to the RRF program in response to the injunction issued in the above captioned matter on Friday, May 28, 2021; and (3) the status of the RRF applications filed by Plaintiffs, Blessed Cajuns LLC and PSBH LLC.

3. I make this declaration based on my personal knowledge, and information provided to me in the course of performing my duties and responsibilities as the Deputy Associate Administrator for Capital Access.

1

I.   **CHANGES TO RRF PROGRAM AFTER MAY 24, 2021**

4.   In § 5003 of ARPA, Congress instructed SBA that "[d]uring the initial 21-day period in which the [SBA] awards grants under this subsection, the [SBA] shall prioritize awarding grants to eligible entities that are small business concerns" owned by certain kinds of business owners, as defined elsewhere in statute.  *See* ARPA § 5003(c)(3)(A).

5.   As I explained in my initial declaration, that 21-day period began on May 3, 2021 and concluded on May 24, 2021.  *See* First Miller Decl. ¶ 16.

6.   On May 25, 2021, SBA began initiating the processing of all non-priority applications from applicants with FY 2019 gross revenues less than $500,000.  *See also* First Miller Decl. ¶ 22.

7.   On May 27, 2021, SBA began initiating the processing of all non-priority applications.  *See also* First Miller Decl. ¶ 23.

8.   SBA is not currently processing any priority applications.  SBA will only resume processing these applications once it completes processing for all previously filed non-priority applications, and only then if the RRF is not first exhausted.

9.   The final priority applications funded by SBA were booked into SBA's E-Tran system for disbursement of funds by Treasury on the afternoon of May 27, 2021 at approximately 3:27pm ET.  This group of approximately 2,002 priority applicants had previously been approved prior to the time SBA stopped further processing of priority applications on May 26, 2021 but were returned due technical errors.  The funds for these applicants were disbursed by Treasury on the morning of May 28, 2021, prior to this Court's injunction.

II.   **SBA INITIATES PROCESSING OF THE PLAINTIFFS' CLAIMS**

10.   Because of the changes undertaken by SBA after May 24, 2021, Blessed Cajuns LLC's application (filed on May 5, 2021) was initiated for processing and consideration by SBA during the week of May 23, 2021 and approved for an award at 1:32pm ET on Saturday, May 29, 2021.  SBA initially estimated that Blessed Cajuns LLC's claim would be disbursed on June 2, 2021 at 10:30am.

11. SBA began processing PSBH LLC's application, which was filed on May 3, 2021, on May 27, 2021. However, because PSBH LLC's application sought more than $360,000 in funds, SBA's processing guidelines required it to undergo a more extensive review.

12. Specifically, processing these larger claims requires Form 4506-T verification of the applicant's tax returns from the IRS, which potentially takes as long as 8 business days. SBA adopted this rule as a program decision to manage risk and protect against waste, fraud, and abuse.

13. SBA therefore, as of the time the Court's injunction issued, did not have a firm date for disbursing funds to PSBH, LLC. Nonetheless, SBA initiated processing and consideration of PSBH LLC's claim during the week of May 23, 2021 prior to the Court's May 28, 2021 order.

14. Jake's Bar and Grill LLC, a Tennessee-based entity that is the appellant in a parallel case presently before the United States Court of Appeals for the Sixth Circuit, also had its application approved under these changes on May 25, 2021 at 9:34 a.m. ET. SBA could not fund its claim at that time however because the applicant's name did not match the name on the bank account provided in the application. Nonetheless, its claim was otherwise approved prior to any relevant court order.

### III. SBA'S CHANGES IN RESPONSE TO THE COURT'S MAY 28, 2021 INJUNCTION

15. On May 28, 2021 at 11:10 a.m. CT, the Court ordered as follows:

> [T]he Court GRANTS Plaintiffs' Motion for Preliminary Injunction (ECF Nos. 6–7) and ENJOINS Defendants Isabella Casillas Guzman and the United States Small Business Administration, and their officers, agents, servants, employees, attorneys, designees, and subordinates, as well as any person acting in concert or participation with them (1) to process and consider Plaintiffs Jason and Janice Smith's and Plaintiff Eric Nyman's applications for RRF grants as if the SBA had initiated processing of those applications at the time the applications were filed and (2) from processing or considering any RRF application filed later in time than Plaintiffs Jason and Janice Smith's application and Plaintiff Eric Nyman's application, respectively, until their applications have been processed and considered in accordance with a race-neutral, sex-neutral "first come, first served" policy.

*See* ECF No. 18 at 11.

16. At the time this order issued, SBA had already commenced processing all non-priority applications, including Plaintiffs' applications, in a sequential order based on its ordinary review practices.

17. SBA also had already paused all further processing of priority applications and begun processing only non-priority applications based on the order in which they were received.

18. However, because PSBH LLC's application required a longer review process due to the fact that its claim was for greater than $360,000, the Court's order that SBA not "process[] or consider[]" later-filed applications, including non-priority applications, until Plaintiffs' applications were "processed and considered" required SBA to, in effect, pause the processing of all non-priority applications filed after PSBH LLC's application on May 3, 2021.

19. SBA undertook efforts to pause all such further processing of *any* claim—non-priority or otherwise—filed after PSBH LLC's.

20. However, because claims for less than $360,000 are processed more quickly than larger claims, some non-priority claims for less than $360,000 were already in the final steps of the approval pipeline and were approved (but not paid) on May 29, 2021 while SBA was simultaneously processing and considering PSBH LLC's application.

21. Specifically, at 1:32pm ET on May 29, 2021, SBA approved 17,231 non-priority applications for grants of less than $360,000, some of which also may have filed their applications later than PSBH LLC. Again, SBA did not disburse any funds for these claims, and all disbursements were paused until Plaintiffs' claims were disbursed.

22. No money has yet been released to these potentially later-filed non-priority applicants and SBA has paused any such disbursement until after confirmation that Plaintiffs' claims were first disbursed.

23. To further comply with the Court's injunction, on June 1, 2021 at 10:30am ET, SBA disbursed funds in the full amount applied for by Blessed Cajuns LLC, PSBH LLC, and Jake's Bar and Grill, LLC.

24. Specifically, SBA disbursed $187,753.17 in RRF funds to Blessed Cajuns LLC today, June 1, 2021 at 10:30am.  It further disbursed $640,424.65 in RRF funds to PSBH LLC today, June 1, 2021 at 10:30am.  And it also disbursed $104,590.20 in RRF funds to Jake's Bar and Grill LLC today, June 1, 2021 at 10:30am.  These disbursements satisfied the full claims of each applicant.

25. These funds should appear in these entities' bank accounts in the next 2 to 3 business days after a normal ACH transfer process and the depositing of such funds in their accounts by their banking institutions.

26. SBA therefore considers the applications from these entities to be "processed and considered" as that term is used in the Court's May 28, 2021 injunction.  There is nothing else for SBA to do with respect to those applications.

27. Accordingly, because Plaintiffs' applications have been "processed and considered" and their grants paid in full, SBA believes that it is in full compliance with the Court's May 28, 2021 injunction.  SBA therefore will be resuming its processing of other non-priority applications starting tomorrow, June 2, based on its ordinary processing procedures.  SBA will only further process priority applications once it has completed processing for all previously-filed non-priority applications, and only then in the event the RRF is not first exhausted.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

       Executed on this 1st day of June, 2021 in Washington, DC.

_____
John A. Miller
Deputy Associate Administrator for Capital Access
U.S. Small Business Administration