UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Blessed Cajuns LLC**; **Janice Smith**; **Jason Smith**; **PSBH LLC**; **Eric Nyman**; **Lynds Inn, LLC**; **Andrew Lynds**; **Heather Brown**; **OCF Cafe LLC**; **Ori Feibush**, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>**Isabella Casillas Guzman**, in her official capacity as administrator of the Small Business Administration; **United States Small Business Administration**,<br><br>        Defendants. | Case No. 4:21-cv-00677-O |

## PLAINTIFFS' FIRST AMENDED CLASS-ACTION COMPLAINT

The Supreme Court of the United States said 125 years ago that:

> [T]he constitution of the United States, in its present form, forbids, so far as civil and political rights are concerned, discrimination by the general government, or by the states, against any citizen because of his race. All citizens are equal before the law. The guaranties of life, liberty, and property are for all persons, within the jurisdiction of the United States, or of any state, without discrimination against any because of their race. Those guaranties, when their violation is properly presented in the regular course of proceedings, must be enforced in the courts, both of the nation and of the state, without reference to considerations based upon race.

*Gibson v. State of Mississippi*, 162 U.S. 565, 591 (1896); *see also Bolling v. Sharpe*, 347 U.S. 497 (1954) (citing *Gibson* and holding that segregation in the District of Columbia public schools violated the Due Process Clause of the Fifth Amendment).

Equal rights under law is the cornerstone of American constitutional jurisprudence: the principle that all citizens, regardless of status, wealth, race, color, religion, or creed, have the same rights and are entitled to the same standard of justice. These are the principles etched into our founding documents, fought for on our nation's battlefields, written into the Gettysburg Address, and delivered from the steps of the Lincoln Memorial by Martin Luther King.

As a nation, we are devoted to the task of satisfying these sacred ideals and providing equal rights to citizens of all races, as the Constitution requires. Profound progress has been made, and extraordinary milestones reached, throughout our history, serving as an inspiration to humanity and the nations of the world. Yet, today, the Small Business Administration lurches America dangerously backward, reversing the clock on American progress, and violating our most sacred and revered principles by actively and invidiously discriminating against American citizens solely based upon their race and sex. This is illegal, it is unconstitutional, it is wrong, and it must stop.

Section 5003 of the American Rescue Plan Act appropriates $28.6 billion to create the Restaurant Revitalization Fund, which is administered by the Small Business Administration. This fund provides relief for restaurants harmed by the COVID-19 pandemic, but it requires the Small Business Administration to discriminate among restaurants according to the race and sex of the owner. The statute provides that during the first 21 days of this program, which started on May 3, 2021, the administrator of the SBA must "prioritize awarding grants" to businesses owned by women and racial minorities. *See* American Rescue Plan Act § 5003(c)(3)(A) (attached as Exhibit 1).

These race and sex preferences are patently unconstitutional, and the Court should promptly enjoin their enforcement. Doing so will promote equal rights under the law for all American citizens and promote efforts to stop racial discrimination, because "[t]he way to stop discrimination on the basis of race is to stop discriminating

on the basis of race." *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 748 (2007) (Roberts, C.J., concurring).

## JURISDICTION AND VENUE

1.   The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.   Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3.   Plaintiff Blessed Cajuns LLC is a limited liability company incorporated under the laws of Texas, operating under the name "The Lost Cajun Keller." It operates in Keller, Texas.

4.   Plaintiff Jason Smith is co-owner of Blessed Cajuns LLC. He resides in Fort Worth, Texas.

5.   Plaintiff Janice Smith is co-owner of Blessed Cajuns LLC. She resides in Fort Worth, Texas.

6.   Plaintiff PSBH LLC is a limited liability company incorporated under the laws of Pennsylvania, operating under the name "Penn Hotel Sports & Raw Bar." It operates in Camp Hill, Pennsylvania.

7.   Plaintiff Eric Nyman owns PSBH LLC.

8.   Plaintiff Lynds Inn LLC is a limited liability company incorporated under the laws of Vermont. It operates in Waitsfield, Vermont.

9.   Plaintiff Andrew Lynds is a co-owner of Lynds Inn LLC. He resides in Waitsfield, Vermont.

10.   Plaintiff Heather Brown is a co-owner of Lynds Inn LLC. She resides in Lee County, Florida.

11.   Plaintiff OCF Cafe LLC is a limited liability company incorporated under the laws of Pennsylvania.

12.   Plaintiff Ori Feibush is owner of OCF Cafe LLC. He resides in Philadelphia County, Pennsylvania.

13.   Defendant Isabella Casillas Guzman is administrator of the Small Business Administration. Administrator Guzman is sued in her official capacity.

14.   Defendant United States Small Business Administration is an agency of the United States government.

## STATEMENT OF FACTS

15.   Section 5003 of the American Rescue Plan Act of 2021, H.R. 1319, 117th Cong. (2021), provides aid to restaurants that have been harmed by the COVID-19 pandemic. It appropriates $28.6 billion to create the Restaurant Revitalization Fund, which will be administered by the Small Business Administration.

16.   Section 5003 provides that during the first 21 days of this program, which started on May 3, 2021, the administrator of the SBA must "prioritize awarding grants" to businesses owned by women and racial minorities. *See* American Rescue Plan Act § 5003(c)(3)(A) (attached as Exhibit 1).

17.   Plaintiffs Jason and Janice Smith own the Lost Cajun Keller. They submitted an application for relief under the Restaurant Revitalization Fund on May 5, 2021. Their application indicated that they were eligible for up to $187,753.17 worth of relief.

18.   Plaintiff Eric Nyman owns the Penn Hotel Sports & Raw Bar. He submitted an application for relief under the Restaurant Revitalization Fund on May 3, 2021. His application indicated that he was eligible for up to $640,424.65 worth of relief.

19.   Plaintiffs Andrew Lynds and Heather Brown own the Lynds Inn LLC. They have submitted an application for relief under the Restaurant Revitalization Fund. Their application indicated that they were eligible for up to $630,082 worth of relief.

20.   Plaintiff Ori Feibush owns OCF Cafe LLC. He submitted an application for relief under the Restaurant Revitalization Fund on May 3, 2021. His application indicated that he was eligible for up to $946,497.62 worth of relief.

21.   None of the plaintiffs qualify as a "socially disadvantaged individual" or "economically disadvantaged individual" under the SBA's regulations. *See* 13 C.F.R. §§ 124.103, .104. They are therefore being subjected to unconstitutional race and sex discrimination by the "priorities" that the statute commands for minority- and women-owned businesses.

22.   On May 18, 2021, the Small Business Administration issued a press release announcing that it has already received 303,000 applications for relief, representing over $69 billion in requested funds. *See* Exhibit 2. And so far, "nearly 38,000 applicants have been approved for more than $6 billion." *Id.* "Of the overall submitted applications, 57 percent came from women, veterans, and socially and economically disadvantaged business owners." *Id.*

23.   This raises the possibility that the entire $28.6 billion that Congress allocated to the Restaurant Revitalization Fund will be depleted before any white applicants can even be considered for relief under the program.

24.   On May 23, 2021, plaintiffs Blessed Cajuns LLC, Janice Smith, Jason Smith, PSBH LLC, and Eric Nyman filed suit to stop the defendants from prioritizing applications according to race and to enforce a first-come-first-served system that removes any advantage that applicants may have received from the 21-day "priority" window. That same day, the plaintiffs moved for class certification and a preliminary injunction.

25.   On May 28, 2021, this Court granted the plaintiffs' application for a pre-liminary injunction. The Court limited its relief to plaintiffs Blessed Cajuns LLC, Janice Smith, Jason Smith, PSBH LLC, and Eric Nyman—the only named plaintiffs in the case at that time—as the proposed class had not yet been certified. The Court ordered the defendants to process the named plaintiffs' applications "as if the SBA had initiated processing of those applications at the time the applications were filed." Order (ECF No. 18) at 11. It also enjoined the defendants from processing or con-sidering any Restaurant Revitalization Fund application filed later in time than the named plaintiffs' applications "until their applications have been processed and con-sidered in accordance with a race-neutral, sex-neutral 'first come, first served' policy." *Id*.

26.   The defendants responded to this order by quickly processing the named plaintiffs' applications and disbursing the funds into their bank accounts. *See* Defend-ants' Response to Order of May 29, 2021 (ECF No. 19). The defendants contend that these actions have mooted the plaintiffs' requests for classwide relief. *See id*.

27.   The plaintiffs continue to seek classwide relief on behalf of all restaurant owners and restaurants in the United States who are encountering or who will en-counter race or sex discrimination from the Small Business Administration on account of section 5003.

## CLAIM FOR RELIEF

28.   The Constitution prohibits the federal government from discriminating on account of race or ethnicity. *See Bolling v. Sharpe*, 347 U.S. 497 (1954). The Consti-tution likewise prohibits the federal government from engaging in sex discrimination absent an "exceedingly persuasive justification." *See United States v. Virginia*, 518 U.S. 515, 531 (1996).

29.   Title VI of the Civil Rights Act of 1964 prohibits discrimination on the grounds of race, color, or national origin in any program that receives federal funds. *See* 42 U.S.C. § 2000d.

30.   The Small Business Administration is violating the Constitution and Title VI by discriminating on account of race and sex in administering the Restaurant Revitalization Fund.

31.   The Court should declare these race and sex preferences unconstitutional and permanently enjoin the administrator of the SBA from implementing any such race or sex exclusions in any of the SBA's programs.

32.   The Court should also issue a preliminary injunction to prevent the disbursement of funds that were prioritized on race or sex-based grounds during the 21-day window described in section 5003.

## CLASS-ACTION ALLEGATIONS

33.   The plaintiffs bring this class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

34.   The plaintiffs seek to represent a class of all restaurant owners and restaurants in the United States who are encountering or who will encounter race or sex discrimination from the Small Business Administration on account of section 5003.

35.   The number of individuals in this class makes joinder of the individual class members impractical.

36.   There are questions of law common to the class, including whether the Constitution or Title VI allows the SBA to discriminate on account of race and sex when administering the Restaurant Revitalization Fund.

37.   The plaintiffs' claims are typical of other members of the class. Each of them seeks to stop the SBA from discriminating on account of race and sex when administering the Restaurant Revitalization Fund.

38.   The plaintiffs adequately represent the interests of the class, and they have no interests antagonistic to the class.

39.   A class action is appropriate under Rule 23(b)(2) because the defendants are acting on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the classes as a whole.

## DEMAND FOR RELIEF

40.   The plaintiffs respectfully requests that the court:

a.   certify a class of all restaurant owners and restaurants in the United States that are encountering or that will encounter race or sex discrimination from the Small Business Administration on account of section 5003;

b.   award the declaratory relief described in paragraph 31;

c.   enter a temporary restraining order, preliminary injunction, and permanent injunction that prevent Administrator Guzman and her successors from implementing any race or sex preferences in SBA programs;

d.   award costs and attorneys' fees under 42 U.S.C. § 1988;

e.   award all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

 /s/ Jonathan F. Mitchell 

GENE P. HAMILTON
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

CHARLES W. FILLMORE                 ROBERT HENNEKE
H. DUSTIN FILLMORE                  Texas Bar No. 24046058
The Fillmore Law Firm, L.L.P.       Texas Public Policy Foundation
201 Main Street, Suite 801          901 Congress Avenue
Fort Worth, Texas 76102             Austin, Texas 78735
(817) 332-2351 (phone)              (512) 472-2700 (phone)
(817) 870-1859 (fax)                rhenneke@texaspolicy.com
chad@fillmorefirm.com
dusty@fillmorefirm.com

                                    *Counsel for Plaintiffs and
Dated: June 3, 2021                 the Proposed Class*

## CERTIFICATE OF SERVICE

I certify that on June 3, 2021, I served this document through CM/ECF upon:

Christopher D. Dodge
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 598-5571
christopher.d.dodge@usdoj.gov

*Counsel for Defendants*

         /s/ Jonathan F. Mitchell
         Jonathan F. Mitchell
         *Counsel for Plaintiffs and*
         *the Proposed Class*