UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Blessed Cajuns, LLC**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **Isabella Casillas Guzman**, et al., <br><br> Defendants. | Case No. 4:21-cv-00677-O |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' SUGGESTION OF MOOTNESS

The defendants' brief of June 1, 2021, claims that this case has become moot because: (1) plaintiffs Blessed Cajuns LLC, Janice Smith, Jason Smith, PSBH LLC, and Eric Nyman have received the money that they sought from the Restaurant Revitalization Fund; and (2) the defendants have "paused processing of priority applications until its processing of non-priority applications reaches the point where such priority applicants can be considered in sequential order." Defs.' Br. (ECF No. 20) at 5. The defendants' mootness argument is mistaken for two separate and independent reasons.

First. The defendants' mootness argument is foreclosed by the voluntary-cessation doctrine. When the plaintiffs filed their lawsuit on May 23, 2021, the defendants were considering only "priority" applications from women and racial minorities—and they had no intention of halting the processing of those priority applications so that non-priority applications could catch up when the 21-day expired on May 24, 2021. After the plaintiffs sued and sought a class-wide injunction to undo the advantages that had been unlawfully conferred upon "priority" applicants, the defendants changed their tune. They quickly "processed" the named plaintiffs' applications and

disbursed the money that they sought, and they announced to the Court on June 1, 2021, that they had indeed stopped processing priority applications so that non-priority applications could be considered and processed alongside the remaining priority applications in the order in which they were originally received. See Third Miller Decl. (ECF No. 20-1) at ¶ 6–8, 16. This is a textbook example of "voluntary cessation." *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) ("[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."). The defendants were engaged in unconstitutional race and sex discrimination when the plaintiffs sued, and they changed their ways only in response to the plaintiffs' lawsuit. But the defendants cannot escape classwide prospective relief by turning on a dime and halting the challenged activities before this Court can rule on the legality of these practices.

Second. A class-action defendant cannot "moot" a lawsuit by paying off the lead plaintiffs before the district court has had an opportunity to rule on class certification. The Supreme Court has repeatedly and emphatically rejected this attempted "pick off" maneuver. *See Campbell–Ewald v. Gomez*, 136 S. Ct. 663, 672 (2016) ("While a class lacks independent status until certified, see *Sosna v. Iowa*, 419 U.S. 393, 399 (1975), a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted."); *Deposit Guarantee National Bank v. Roper*, 445 U.S. 326, 339 (1980) ("Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement."); *see also Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1138–39 (9th Cir. 2016) ("[A] would-be class representative with a live claim of her own *must* be accorded a fair opportunity to show that certification is warranted." (emphasis added)

(quoting *Campbell–Ewald*, 136 S. Ct. at 672)). The defendants are attempting to deny the plaintiffs a "fair opportunity" to seek class-wide prospective relief while preserving their ability to continue violating the constitutional rights of the absent class members. This is precisely what *Campbell–Ewald* and *Roper* forbid.

Respectfully submitted.

Gene P. Hamilton
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

Charles W. Fillmore
H. Dustin Fillmore
The Fillmore Law Firm, L.L.P.
201 Main Street, Suite 801
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
chad@fillmorefirm.com
dusty@fillmorefirm.com

Bradley A. Benbrook*
California Bar No. 177786
Stephen M. Duvernay*
California Bar No. 250957
Benbrook Law Group, PC
400 Capitol Mall, Suite 2530
Sacramento, California 95814
(916) 447-4900 (phone)
(916) 447-4904 (fax)
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

* *pro hac vice* applications forthcoming

Dated: June 3, 2021

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Robert Henneke
Texas Bar No. 24046058
Texas Public Policy Foundation
901 Congress Avenue
Austin, Texas 78735
(512) 472-2700 (phone)
rhenneke@texaspolicy.com

*Counsel for Plaintiffs and
the Proposed Class*

## CERTIFICATE OF SERVICE

I certify that on May 27, 2021, I served this document through CM/ECF upon:

CHRISTOPHER D. DODGE
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 598-5571
christopher.d.dodge@usdoj.gov

*Counsel for Defendants*

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs and
the Proposed Class*