UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Blessed Cajuns LLC**; **Janice Smith**; **Jason Smith**; **PSBH LLC**; **Eric Nyman**; **Lynds Inn, LLC**; **Andrew Lynds**; **Heather Brown**; **OCF Cafe LLC**; **Ori Feibush**; **GBB Hospitality Group LLC**; **GBB Services LLC**; **Jimmy Loup**; **7th Avenue Property Management Inc.**; **Eric Schiller**, <br><br>               Plaintiffs, <br><br>v. <br><br>**Isabella Casillas Guzman**, in her individual capacity and in her official capacity as administrator of the Small Business Administration; **United States Small Business Administration**, <br><br>               Defendants. | Case No. 4:21-cv-00677-O |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

    Section 5003 of the American Rescue Plan Act appropriated $28.6 billion to create the Restaurant Revitalization Fund, which is administered by the Small Business Administration. This fund provided relief for restaurants harmed by the COVID-19 pandemic, but the statute required Administrator Guzman to give discriminatory preferences to restaurants owned by women and racial minorities. The statute provides that during the first 21 days of this program, which started on May 3, 2021, the administrator of the SBA must "prioritize awarding grants" to businesses owned by women and racial minorities. *See* American Rescue Plan Act § 5003(c)(3)(A) (attached as Exhibit 1).

These race and sex preferences are patently unconstitutional, and this Court moved quickly to enjoin their enforcement with respect to the original named plaintiffs in this litigation. *See* Order of May 28, 2021, ECF No. 18. In response to this Court's preliminary-injunction order of May 28, 2021, the defendants represented to this Court that they would cease processing all "priority" applications until the Small Business Administration "completes processing all previously filed non-priority applications, and only then if the RRF is not first exhausted." Supplemental Declaration of John A. Miller, ECF No. 28-1 at ¶ 8.

On June 30, 2021, the Small Business Administration announced that it was closing the Restaurant Revitalization Fund because the $28.6 billion that had been allocated to the Fund was exhausted. *See* Exhibit 4. At no point prior to this point did the Small Business Administration publish a list of which businesses had received relief, when those business applied, and when they were funded.[1]

Most of the plaintiffs in this case had their applications approved and received payments from the Fund after this Court issued its preliminary injunction but before the Fund closed. But plaintiff GBB Hospitality Group LLC and its owner, Jimmy Loup, never had their application approved—even though Mr. Loup submitted the application within the first few minutes after the Fund began accepting applications on May 3, 2021. Plaintiff 7th Avenue Property Management Inc. and its owner, Eric Schiller, likewise never had their application approved, even though Mr. Schiller submitted his application on May 5, 2021.

The application submitted by GBB Hospitality Group LLC and Mr. Loup, as well as the application submitted by 7th Avenue Property Management Inc. and Mr.

---

1. As described below, the Small Business Administration subsequently responded to a Freedom of Information Act request with a list of all business that received awards, the award amount, and the approval date. *See* Small Business Administration, *Restaurant Revitalization Fund (RRF) FOIA*, https://bit.ly/3y6Xblt (last visited July 30, 2021).

Schiller, would have been approved if Administrator Guzman had not deployed the patently unconstitutional use of race and sex preferences that the plaintiffs sued to enjoin. GBB Hospitality Group LLC and Mr. Loup and 7th Avenue Property Management Inc. and Mr. Schiller therefore seek damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to compensate them for this denial of their constitutional rights.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Blessed Cajuns LLC is a limited liability company incorporated under the laws of Texas, operating under the name "The Lost Cajun Keller." It operates in Keller, Texas.

4. Plaintiff Jason Smith is co-owner of Blessed Cajuns LLC. He resides in Fort Worth, Texas.

5. Plaintiff Janice Smith is co-owner of Blessed Cajuns LLC. She resides in Fort Worth, Texas.

6. Plaintiff PSBH LLC is a limited liability company incorporated under the laws of Pennsylvania, operating under the name "Penn Hotel Sports & Raw Bar." It operates in Camp Hill, Pennsylvania.

7. Plaintiff Eric Nyman owns PSBH LLC.

8. Plaintiff Lynds Inn LLC is a limited liability company incorporated under the laws of Vermont. It operates in Waitsfield, Vermont.

9. Plaintiff Andrew Lynds is a co-owner of Lynds Inn LLC. He resides in Waitsfield, Vermont.

10. Plaintiff Heather Brown is a co-owner of Lynds Inn LLC. She resides in Lee County, Florida.

11. Plaintiff OCF Cafe LLC is a limited liability company incorporated under the laws of Pennsylvania.

12. Plaintiff Ori Feibush is the owner of OCF Cafe LLC. He resides in Philadelphia County, Pennsylvania.

13. Plaintiff GBB Hospitality Group LLC is a limited liability company incorporated under the laws of Texas, doing business under the name "Grub Burger Bar."

14. Plaintiff GBB Services LLC is a pass-through payroll company owned by GBB Hospitality Group LLC.

15. Plaintiff Jimmy Loup is the owner, founder and CEO of Grub Burger Bar. He resides in Brazos County, Texas.

16. Plaintiff 7th Avenue Property Management Inc. is an S-corporation incorporated under the laws of Florida, doing business under the name "Gaspars Grotto."

17. Plaintiff Eric Schiller is a co-owner of 7th Avenue Property Management Inc. He resides in Hillsborough County, Florida.

18. Defendant Isabella Casillas Guzman is administrator of the Small Business Administration. Administrator Guzman is sued in her official capacity.

19. Defendant United States Small Business Administration is an agency of the United States government.

## STATEMENT OF FACTS

20. Section 5003 of the American Rescue Plan Act of 2021, H.R. 1319, 117th Cong. (2021), provides aid to restaurants that have been harmed by the COVID-19

pandemic. It appropriates $28.6 billion to create the Restaurant Revitalization Fund, which will be administered by the Small Business Administration.

21. Section 5003 provides that during the first 21 days of this program, which started on May 3, 2021, the administrator of the SBA must "prioritize awarding grants" to businesses owned by women and racial minorities. *See* American Rescue Plan Act § 5003(c)(3)(A) (attached as Exhibit 1).

22. Plaintiffs Jason and Janice Smith own the Lost Cajun Keller. They submitted an application for relief under the Restaurant Revitalization Fund on May 5, 2021. Their application indicated that they were eligible for up to $187,753.17 worth of relief.

23. Plaintiff Eric Nyman owns the Penn Hotel Sports & Raw Bar. He submitted an application for relief under the Restaurant Revitalization Fund on May 3, 2021. His application indicated that he was eligible for up to $640,424.65 worth of relief.

24. Plaintiffs Andrew Lynds and Heather Brown own the Lynds Inn LLC. They have submitted an application for relief under the Restaurant Revitalization Fund. Their application indicated that they were eligible for up to $630,082 worth of relief.

25. Plaintiff Ori Feibush owns OCF Cafe LLC. He submitted an application for relief under the Restaurant Revitalization Fund on May 3, 2021. His application indicated that he was eligible for up to $946,497.62 worth of relief.

26. Plaintiff Jimmy Loup owns GBB Hospitality Group LLC. He submitted an application for relief under the Restaurant Revitalization Fund on May 3, 2021. His application indicated that he was eligible for up to $6,709,795.00 in relief.

27. Plaintiff Eric Schiller owns 7th Avenue Property Management Inc. He submitted an application for relief under the Restaurant Revitalization Fund on May 5, 2021. His application indicated that he was eligible for up to $1,489,118.86 in relief.

28. None of the plaintiffs qualify as a "socially disadvantaged individual" or "economically disadvantaged individual" under the SBA's regulations. *See* 13 C.F.R.

§§ 124.103, .104. They were therefore subjected to unconstitutional race and sex discrimination by the "priorities" that the statute commands for minority- and women-owned businesses.

29. On May 23, 2021, plaintiffs Blessed Cajuns LLC, Janice Smith, Jason Smith, PSBH LLC, and Eric Nyman filed suit to stop the defendants from prioritizing applications according to race and to enforce a first-come-first-served system that removes any advantage that applicants may have received from the 21-day "priority" window. That same day, the plaintiffs moved for class certification and a preliminary injunction.

30. On May 28, 2021, this Court granted the plaintiffs' application for a preliminary injunction. The Court limited its relief to plaintiffs Blessed Cajuns LLC, Janice Smith, Jason Smith, PSBH LLC, and Eric Nyman—the only named plaintiffs in the case at that time—as the proposed class had not yet been certified. The Court ordered the defendants to process the named plaintiffs' applications "as if the SBA had initiated processing of those applications at the time the applications were filed." Order (ECF No. 18) at 11. It also enjoined the defendants from processing or considering any Restaurant Revitalization Fund application filed later in time than the named plaintiffs' applications "until their applications have been processed and considered in accordance with a race-neutral, sex-neutral 'first come, first served' policy." *Id*.

31. The defendants responded to this order by quickly processing those plaintiffs' applications and disbursing the funds into their bank accounts. *See* Defendants' Response to Order of May 29, 2021 (ECF No. 19).

32. The defendants represented to the Court that the Small Business Administration had made changes *sua sponte* to begin processing other non-priority applications, including applications from the plaintiffs who subsequently joined this lawsuit, and had stopped processing priority applications. *Id*. During the hearing of June 3,

2021, the defendants' counsel acknowledged that these changes were contrary to the requirements of § 5003(c)(3)(A) and had been made by the Small Business Administration without following the rulemaking requirements of the Administrative Procedure Act.

33. To ensure that the funds awarded to the plaintiffs are not clawed back by the defendants following the expiration of this suit, the plaintiffs require a permanent injunction to enforce their awards from the Restaurant Revitalization Fund as lawfully granted.

34. On June 30, 2021, the Small Business Administration announced that it was closing the Restaurant Revitalization Fund because the $28.6 billion that had been allocated to the Fund was exhausted. *See* Exhibit 4.

35. Yet Mr. Loup's application was never approved before the Fund was depleted on June 30, 2021—even though Mr. Loup applied within minutes after the Fund opened for applications on May 3, 2021. The portal for the Restaurant Revitalization Fund was supposed to open at 11:00 A.M. central time on May 3, 2021, but it actually opened at 10:04 A.M. central on May 3, 2021, and Mr. Loup had his application submitted by 10:26 A.M. that day. *See* Exhibit 2.

36. In like manner, Mr. Schiller's application was never approved before the Fund was depleted on June 30, 2021—even though Mr. Schiller applied only two days after the Fund opened for applications on May 3, 2021.

37. According to the Small Business Administration's data, and despite the adjustments made in response to the injunction issued by this Court, only 6,758 of the 101,006 grants (6.7%) went to business owners who were not members of the "priority" demographic groups. 34% of the grants went to businesses owned by socioeconomically disadvantaged persons, almost 44% went to women-owned businesses, and 5.7% were distributed to businesses owned by veterans.

38. Indeed, although the Small Business Administration did not proactively provide granular details about the operation of the program—that is, who received what and when—the Small Business Administration did release data in response to a Freedom of Information Act (FOIA) request that display the results of the defendants' discriminatory actions in awarding grants based on the constitutionally forbidden grounds of race and gender. *See* Small Business Administration, *Restaurant Revitalization Fund (RRF) FOIA*, https://bit.ly/3rB0bnG (last visited July 22, 2021).

39. Sorting by date of award in the spreadsheet that the Defendants released through FOIA appears to show that, prior to this Court's injunction on May 28, 2021, and the United States Court of Appeals for the Sixth Circuit's decision of May 27, 2021, in *Vitolo v. Guzman*, 999 F.3d 353 (6th Cir. 2021), the defendants had not approved a single non-priority application. *See* Small Business Administration, *Restaurant Revitalization Fund (RRF) FOIA*, https://bit.ly/3rB0bnG (last visited July 22, 2021) (sorting by "Approval Date" in Column B and comparing the approval date with the priority categories in columns V–X). But during this period, and beginning a mere four days after the application period opened, the defendants approved tens of thousands of applications for individuals based on their self-identification as a socially and economically disadvantaged business, or a women-owned business. *Id.* Unfortunately, the data produced by the Defendants do not indicate *when* each of the listed businesses applied for relief.

## CLAIM FOR RELIEF

40. The Constitution prohibits the federal government from discriminating on account of race or ethnicity. *See Bolling v. Sharpe*, 347 U.S. 497 (1954). The Constitution likewise prohibits the federal government from engaging in sex discrimination absent an "exceedingly persuasive justification." *See United States v. Virginia*, 518 U.S. 515, 531 (1996).

41. Title VI of the Civil Rights Act of 1964 prohibits discrimination on the grounds of race, color, or national origin in any program that receives federal funds. *See* 42 U.S.C. § 2000d.

42. The Small Business Administration violated Mr. Loup and Mr. Schiller's rights and the rights of their companies under the Constitution and Title VI by discriminating on account of race and sex in administering the Restaurant Revitalization Fund.

43. The Small Business Administration's unconstitutional race and sex preferences are the but-for cause of Mr. Loup and Mr. Schiller's failure to obtain relief from the Restaurant Revitalization Fund.

44. The Court should therefore award Mr. Loup, GBB Hospitality Group LLC, and GBB Services LLC damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in an amount equal to what they would have received had their application been considered in a colorblind and sex-neutral process. *See Davis v. Passman*, 442 U.S. 228, 243–44 (1979). The Court should award similar relief to Mr. Schiller and 7th Avenue Property Management Inc.

45. The Court should also enter a declaration that the discriminatory provisions of Section 5003 of the American Rescue Plan Act of 2021, H.R. 1319, 117th Cong. (2021), are unconstitutional, and a permanent injunction prohibiting the defendants from recovering Restaurant Revitalization Funds disbursed to the plaintiffs contrary to the purported statutory requirements of section 5003(c)(3)(A).

## DEMAND FOR RELIEF

46. The plaintiffs respectfully requests that the court:

   a. declare section 5003(c)(3)(A) of the American Rescue Plan Act of 2021, H.R. 1319, 117th Cong. (2021), unconstitutional because it

   requires discrimination on account of race and sex in awarding funds under the Restaurant Revitalization Fund;

b. declare that the Small Business Administration and Administrator Guzman violated the constitutional rights of Mr. Loup, GBB Hospitality Group LLC, and GBB Services LLC damages, as well as Mr. Schiller and 7th Avenue Property Management Inc., by discriminating on account of race and sex in administering the Restaurant Revitalization Fund;

c. award Mr. Loup, GBB Hospitality Group LLC, and GBB Services LLC damages against Administrator Guzman in her individual capacity;

d. award Mr. Schiller and 7th Avenue Property Management Inc. damages against Administrator Guzman in her individual capacity;

e. enter a permanent injunction enjoining the defendants from recovering Restaurant Revitalization Funds disbursed to plaintiffs contrary to the purported statutory requirements of section 5003(c)(3)(A);

f. award costs and attorneys' fees under 42 U.S.C. § 1988;

g. award all other relief that the Court may deem just, proper, or equitable.

              Respectfully submitted.

               /s/ Jonathan F. Mitchell

GENE P. HAMILTON        JONATHAN F. MITCHELL
Virginia Bar No. 80434        Texas Bar No. 24075463
Vice-President and General Counsel   Mitchell Law PLLC
America First Legal Foundation    111 Congress Avenue, Suite 400
300 Independence Avenue SE     Austin, Texas 78701
Washington, DC 20003       (512) 686-3940 (phone)
(202) 964-3721          (512) 686-3941 (fax)
gene.hamilton@aflegal.org      jonathan@mitchell.law

<div style="columns:2">

H. Dustin Fillmore
Texas Bar No. 06996010
Charles W. Fillmore
Texas Bar No. 00785861
The Fillmore Law Firm, L.L.P.
201 Main Street, Suite 801
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

Bradley A. Benbrook*
California Bar No. 177786
Stephen M. Duvernay*
California Bar No. 250957
Benbrook Law Group, PC
400 Capitol Mall, Suite 2530
Sacramento, California 95814
(916) 447-4900 (phone)
(916) 447-4904 (fax)
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

\* admitted *pro hac vice*

Dated: July 30, 2021

Robert Henneke
Texas Bar No. 24046058
Texas Public Policy Foundation
901 Congress Avenue
Austin, Texas 78735
(512) 472-2700 (phone)
rhenneke@texaspolicy.com

*Counsel for Plaintiffs and
the Proposed Class*

</div>

## CERTIFICATE OF SERVICE

    I certify that on July 30, 2021, I served this document through CM/ECF upon:

Christopher D. Dodge
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 598-5571
christopher.d.dodge@usdoj.gov

*Counsel for Defendants*

                                                     /s/ Jonathan F. Mitchell
                                                    Jonathan F. Mitchell
                                                    *Counsel for Plaintiffs and*
                                                    *the Proposed Class*